[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Charleene B. Katz Associates, Inc., of Westport, seeks a temporary and permanent injunction; General Statutes 52-471; regarding a certain purported contract allegedly entered into between itself and the defendants, SICO/Finneast, a partnership, SICO/Finneast. Inc., and the latter's principal officer, Richard A. Siegel. The contract was allegedly agreed upon in order to settle other pending litigation between the plaintiff and the defendants. The defendants had been retained by Glavkosmos, a governmental unit of the former USSR, to assist in exhibiting Soviet space artifacts at various locations in this country. They were to receive a percentage of the revenue generated by the various exhibits, and in turn the defendants retained the plaintiff to also aid in these exhibitions, and agreed to pay the plaintiff a fixed percentage thereof.
At some point in time this agreement with Glavkosmos was modified with the result that the plaintiff was to receive less fees that previously anticipated. This precipitated a suit between these parties. Plaintiff and the defendants then attempted to settle this lawsuit by entering into an agreement by which the defendants would assign all their interest in their contract with Glavkosmos in exchange for withdrawals and releases to be furnished by plaintiff.
The parties disagree about whether they actually did enter into any such agreement, with the plaintiff contending that they did, and the defendants denying that there had been a final meeting of the minds and a resulting binding agreement. The plaintiff seeks an injunction which would in effect declare that the alleged agreement was a binding contract, and that the defendants should pay over to CT Page 9683 the plaintiff the money due under the agreement by depositing said funds with plaintiffs attorney in escrow.
On November 26, 1991, counsel for the defendants wrote to plaintiffs counsel confirming that the defendants agreed to assign their interests in the Glavkosmos contract to plaintiff in exchange for withdrawal of the existing law suit and releases. The controversy centers around the meaning of the phrase in the letter from defendants' attorney that stated that "The assignment is not intended to be retroactive but will apply prospectively to funds received after the date of the assignment." This letter also stated that "SICO/Finneast, Inc. has already received monies owed under the October 11, 1990 contract with SCC (.075% of $150,000.00) from the Fort Worth Exhibition disbursements. As you are aware the fixed fee for that exhibition is $200,000.00. It is therefore intended that the assignment would apply towards the $50,000.00 remaining balance and any other funds received from that exhibition. This assignment further is intended to extend to the 40% interest that SICO/Finneast as in the funds escrowed as a result of the Boston exhibition."
The plaintiff executed the settlement documents and returned them to the defendants, but added an "Addendum To Assignment of Contract," which contained a representation to be signed by the defendants that they had not received any money from Glavkosmos since a check for $7500 arising out of an exhibit in Fort Worth and "Further, SICO/Finneast, Inc. stipulates and agrees that this assignment of contract is retroactive to its receipt of the said $7,500 such that any monies received since then and up until the final execution of this Assignment of Contract (and into the future) are hereby assigned, and will be forwarded to, Charleene B. Katz 
Associates, Inc."
The defendants claim that this addendum attempts to give the assignment a new element of retroactivity, which their understanding specifically disclaimed, while the plaintiff contends that the addendum simply reflected the parties' intent, and to the extend that it did not plaintiff was willing to make any changes desired by the defendants. However, plaintiff's counsel's letter enclosing the addendum stated specifically that if defendant "Dick Siegel refuses to sign the addendum, you are not authorized to release from escrow the contract and release and are hereby directed to return the same to the undersigned."
Thus it is not clear in my mind whether the addendum added a CT Page 9684 new term to the parties' understanding by introducing for the first time an element of retroactivity in the settlement. The issue of whether a final, binding settlement contract had been agreed upon by the parties will have to wait a full trial, as I am not prepared to so find at this point in the proceedings, and to issue an injunction based on this finding.
Moreover, the element of irreparable harm is missing. The plaintiff contends that it had a contract, and that it was breached by the defendants. If proved, the plaintiff can collect money damages. The plaintiff, however, seeks to short-circuit this procedure, so to speak, by presenting a request for an injunction at the miscellaneous/special proceedings calendar, and seeking a finding that a contract exists and the defendants should be ordered to comply with it, including the payment of the contract price to the plaintiff. If this procedure was followed to its logical conclusion every breach of contract case could conceivably end up on the miscellaneous/special proceeding calendar seeking a mandatory injunction to enforce the alleged contract. The plaintiff cites Berin v. Olson, 183 Conn. 337, 341, 439 A.2d 357 (1981), for the proposition that injunctive relief may be issued even though money damages are also awarded. This case is very dissimilar to the case at bar because it involved the diversion of water onto the plaintiff's real property, a continuing violation in the nature of a nuisance ("For over one hundred years in this state, we have recognized the general power of equity to afford relief by injunction and damages for injury caused by a nuisance created by the unreasonable conduct on one's own property of an otherwise lawful activity").
It appears to me that an award of money damages can adequately compensate he plaintiff if it succeeds in proving a breach of contract on the part of the defendants, but that after weighing the equities issuance of an injunction is not warranted because of the lack of "irreparable harm" and the presence of an "adequate remedy at law." Berin v. Olson, supra, 340.
So Ordered.
Dated at Bridgeport, Connecticut, this 26th day of October, 1992.
William B. Lewis, Judge CT Page 9685